UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
1S REO OPPORTUNITY 1, LLC,                    :
                                              :
                        Plaintiff,            :
                                              :
     -against-                                :    REPORT AND
                                              :    RECOMMENDATION
SHEPARD TOWERS LLC,                           :
                                              :    No. 25-CV-1710-EK-JRC
                        Defendant.            :
------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

Plaintiff 1S REO Opportunity 1, LLC ("plaintiff") brings this foreclosure action against defendant Shepard Towers LLC ("Shepard" or "defendant"), pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL"), Article 13.  *See* Compl. ¶ 1, Dkt. 1.  Upon plaintiff's application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on May 1, 2025.  Dkt. 8.  Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is plaintiff's motion for default judgment seeking a judgment of foreclosure and sale.  *See* Mot. for Default J., Dkt. 10; Mem. of Law in Supp. of Pl.'s Mot. for Default J. ("Pl.'s Mem."), Dkt. 10-2; [Amended Proposed] J. of Foreclosure and Sale ("Prop. J."), Dkt. 18; Order Referring Motion dated July 1, 2025.

For the reasons set forth below, this Court respectfully recommends granting the motion and awarding plaintiff damages and additional relief as described below.

### Relevant Factual and Procedural Background

The following facts are drawn from plaintiff's Complaint, supporting affidavits, and accompanying exhibits, and are accepted as true for purposes of this motion.

Plaintiff brings this diversity action to foreclose on a mortgage encumbering 341 Shepherd Avenue, Brooklyn, New York 11208 a/k/a 341/343 Shepherd Avenue, Brooklyn, New York 11208 (the "Subject Property").  *See* Compl. ¶ 1.

On July 27, 2021, Shepard executed and delivered to Quanta Finance LLC ("Quanta Finance") a Consolidated Promissory Note in the principal amount of $800,000.00, plus interest, secured by a Consolidation, Extension and Modification of Mortgage Agreement on the Subject Property.  *See* Compl. ¶¶ 7-8; Consolidation, Extension and Modification of Mortgage Agreement (the "Mortgage"), Ex. B to Compl., Dkt. 1-1 at ECF pages 4-54[1]; Consolidated Note (the "Note"), Ex. C to Compl., Dkt. 1-1 at ECF pages 56-59.[2]  On January 2, 2024, the Mortgage was assigned from Quanta Finance to 1S Reo Opportunity 1, LLC, which assignment was recorded in the Office of the City Register of the City of New York, on January 17, 2024.  *See* Compl. ¶ 9; Assignment of Mortgage, Ex. D to Compl., Dkt. 1-1 at ECF pages 61-65.  The Note contains an Allonge endorsed in blank affixed thereto.  S*ee* Allonge, Dkt. 1-1 at ECF page 59.

Under the Mortgage and Note, Shepard was obligated to make monthly interest-only payments, starting on September 1, 2021.  *See* Note, Dkt. 1-1 at ECF page 56.  Under the Mortgage, if Shepard failed to make a payment when due, it would be in default.  *See* Mortgage § 2.01, Dkt. 1-1 at ECF page 35.  If Shepard defaulted, the Note holder could exercise the right to force immediate payment of the full amount of the remaining principal and all accrued interest.  *Id.* § 2.01(r), Dkt. 1-1 at ECF page 37.

Plaintiff alleges that Shepard defaulted under the Mortgage by failing to make the

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

[2] The Mortgage consolidated two mortgages, creating a single mortgage on the Property, making Shepard the mortgagor and Quanta Finance, LLC the mortgagee.  *See* Dkt. 1-1 at ECF page 10.

required monthly payments since July 1, 2022, leaving an outstanding principal balance of $800,000.  *See* Affirmation of Anjali Mecklai ("Mecklai Aff.") ¶ 5, Dkt. 10-6.  On December 29, 2023, plaintiff mailed a notice to cure the default and advised of acceleration of the loan pursuant to the term of the Note and Mortgage.  *See* Compl. ¶ 13 & Ex. E to Compl., Dkt. 1-1 at ECF pages 67-72.

On March 27, 2025, plaintiff commenced this action.  *See* Dkt. 1.  On April 4, 2025, defendant was served with the summons and complaint via the New York Secretary of State. *See* Summons Returned Executed, Dkt. 6.  On May 1, 2025, the Clerk of the Court entered a Certificate of Default against defendant after it failed to respond to the Complaint.  *See* Clerk's Entry of Default, Dkt. 8.

On June 27, 2025, plaintiff filed the instant motion for default judgment.  *See* Dkt. 10.  In this motion, plaintiff seeks to recover:  (1) $800,000 in outstanding principal and (2) interest through June 23, 2025 in the amount of $573,664.14, and at the rate of 23.99 percent per annum until the entry of judgment.  *See* Mecklai Aff. ¶¶ 5-8; Pl.'s Mem. at ECF page 5; *see also* Prop. J. of Foreclosure and Sale, Dkt. 18.  Plaintiff further requests the appointment of a referee to effectuate the sale and disburse the funds from such sale.  *See* Prop. J.  In support of the motion, plaintiff submitted an affirmation of its Chief Operating Officer, along with a copy of defendant's payment history.  *See* Mecklai Aff. and attachments.  In response to the Court's inquiry, plaintiff has withdrawn its request for unpaid charges and advances (including taxes, hazard insurance, and mortgage insurance) in the amount of $2,342.63, and late charges (prior to acceleration) in the amount of $1,291.59.  *See* Letter, Dkt. 17; Order dated 1/9/2026.  Plaintiff does not request attorneys' fees.  *See* Decl. of Regularity ¶ 8, Dkt. 10-1.

At a hearing held on the motion on November 21, 2025, defendant failed to appear

despite receiving notice of the hearing.  *See* Min. Entry dated 11/21/2025; Aff. of Service, Dkt. 13.

**Discussion**

### I.    Standing

Since plaintiff is not an original party to the Note, this Court will first address plaintiff's standing to bring this foreclosure action.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)).  "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."  *E. Sav. Bank*, 631 F. App'x at 15 (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).  "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff."  *E. Sav. Bank*, 631 F. App'x at 15 (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it has been in possession of the Note, which contains an indorsement in blank, and was assigned the Mortgage, which assignment was recorded on January 17, 2024.  *See* Decl. of Regularity ¶ 3; Compl. ¶¶ 9, 11; Mecklai Aff. ¶ 4; Assignment of Mortgage, Dkt. 1-1 at ECF pages 63-65; Allonge, Dkt. 1-1

4

at ECF page 59.  Plaintiff has provided copies of the Note and Mortgage as exhibits to the Complaint.  *See* Note, Dkt. 1-1 at ECF pages 14-16, 56-58; Mortgage, Dkt. 1-1 ECF pages 6-54. Since plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on March 27, 2025, this Court finds that plaintiff has standing to pursue this action.  *See Thompson*, 631 F. App'x at 15-16; *Blue Castle (Cayman) LTD v. 1767 TP Ave LLC*, No. 22-CV-9577, 2024 WL 4135194, at *4 (S.D.N.Y. Sept. 10, 2024) ("Attachment of the Note as an exhibit to the Complaint was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the [N]ote at the time the action was commenced.") (internal quotation marks and citation omitted); *JXB 84 LLC v. Khalil*, No. 15-CV-6251, 2017 WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

## II.    Subject Matter Jurisdiction

Before a court can issue a default judgment, it must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).  Thus, this Court has an independent obligation to determine if subject matter jurisdiction exists over this case.  *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

Here, plaintiff alleges subject matter jurisdiction based on diversity of citizenship. Compl. ¶ 5.  Diversity jurisdiction exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Complete diversity means that "all plaintiffs [are] citizens of states diverse from those of all defendants."

5

*Pennsylvania Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014). Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617-18 (2d Cir. 2019) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence."); *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). When jurisdiction is predicated on diversity of citizenship, "[i]t is well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

Here, the Complaint alleges that defendant Shepard Towers LLC's sole member is Eitan Binet, "having an address at 341 Shepherd Avenue, Brooklyn, NY 11208." Compl. ¶ 3. Thus, the Complaint alleges the residency, rather than the citizenship, of the LLC's member. *See Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022); *Lucy v. Lubov Fine Art LLC*, No. 24-CV-8592, 2025 WL 2022607, at *1 (S.D.N.Y. July 18, 2025). Thus, the Court requested additional information from plaintiff regarding defendant's citizenship. *See* Order dated 10/7/2025. In response, plaintiff confirmed that Mr. Binet is domiciled in New York. *See* Decl. of Alan R. Weinreb ¶¶ 7-11, Dkt. 11. The Court is thus

6

satisfied that, for diversity jurisdiction purposes, defendant is a citizen of New York.

Plaintiff further adequately alleges that it is a Delaware limited liability company, which is a citizen of California and the Cayman Islands. Compl. ¶ 2 ("Plaintiff is a Delaware limited liability company whose sole member is 1Sharpe Opportunity Intermediate Fund L.P., a Delaware limited partnership. The general partner of 1Sharpe Opportunity Intermediate Fund L.P. is 1Sharpe Capital GP LLC, a Delaware limited liability company whose members are Rob Bloemker, Gregor Watson, and Excellent Investment LLC. Excellent Investment LLC's sole member is Simon Zhang. All three individuals, Bloemker, Watson, and Zhang, are domiciled in the State of California. The limited partners of 1Sharpe Opportunity Intermediate Fund L.P. are Rob Bloemker and 1Sharpe Opportunity Fund LTD, a Cayman Islands corporation with its principal place of business in California."). As a result, the criteria for diversity jurisdiction is met, and this Court has subject matter jurisdiction over the dispute.

## III.    Default Judgment Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

## IV.    Pre-Foreclosure Procedures

Generally, Article 13 of the RPAPL provides for certain requirements that must be complied with in a foreclosure action, even in federal court. *See, e.g., Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22-CV-411, 2024 WL 3455841, at *4-5 (E.D.N.Y. July 18, 2024); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333-34 (E.D.N.Y. 2024). RPAPL § 1331 requires that plaintiff file a notice of pendency of the action, as well as a copy of the complaint, in the clerk's office of the county where the subject property is located. *See* N.Y. RPAPL §§ 1331, 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency."). Plaintiff has complied with that statutory requirement. *See* Notice of Pendency, Dkt. 10-7.

8

However, many of the RPAPL's notice provisions do not apply here since the mortgage at issue is a commercial mortgage (*see* Compl. ¶ 13).[3] *See NuBridge Com. Lending REO SPV I Inc. v. KA & B Props., Inc.*, No. 22-CV-1468, 2023 WL 11261908, at *5-6 (E.D.N.Y. Oct. 18, 2023), *report and recommendation adopted*, 2024 WL 1364321 (E.D.N.Y. Mar. 31, 2024); *see, e.g.*, RPAPL §§ 1303 (requiring specific notice on defendant for residential mortgages); 1304 (requiring an additional notice for "home loans"); 1320 ("private residence cases").  As a general matter, in New York, a lender is not required to notify a borrower of its default on a mortgage prior to foreclosure, absent a statutory requirement or a contractual provision in the relevant loan documents."  *NuBridge Com. Lending*, 2023 WL 11261908, at *5-6; *see Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Credit Suisse First Bos. Mortg. Sec. Corp. v. Corp. v. Lott Ave. Owner, LLC*, No. 22-CV-2437, 2024 WL 1973363, at *3 (E.D.N.Y. May 3, 2024) ("[F]or a commercial loan, where 'the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default,' the notice defense fails.").  Here, although the loan documents do not require a prior notice of default, plaintiff sent to defendant a notice to cure the default on December 29, 2023, advising that it would accelerate the loan.  *See* Dkt. 1-1 at ECF pages 67-72.

V.     **Mortgage Foreclosure**

A.     **Applicable Standards**

Under New York law, "[t]o foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan [secured by the mortgage]."  *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v.*

---

[3] In addition, New York's C.P.L.R. requires a Certificate of Merit signed by plaintiff's counsel for residential foreclosures.  N.Y. C.P.L.R. § 3012-b(a).

*Kings Cnty. Pub. Admin.*, No. 22-CV-7925, 2023 WL 7169000, at *3 (E.D.N.Y. Sept. 13, 2023) (internal citation and quotation marks omitted), *report and recommendation adopted*, 2023 WL 7167515 (E.D.N.Y. Oct. 31, 2023); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Robedee*, No. 22-CV-809, 2022 WL 18284844, at *4 (E.D.N.Y. Dec. 5, 2022), *report and recommendation adopted*, 2022 WL 17850116 (E.D.N.Y. Dec. 22, 2022).  Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *report and recommendation adopted*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

## B.    Plaintiff entitled to foreclosure

Here, the allegations in the Complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to foreclosure.  Plaintiff has produced copies of the Note, Mortgage, and assignment, thereby establishing the borrower's obligations arising thereunder.  The Note, Mortgage, and accompanying documents establish the existence of a debt owed by the borrower, and plaintiff's ownership of the Note and Mortgage.  *See Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2022 WL 5432771, at *8 (E.D.N.Y. July 27, 2022) (finding that the plaintiff had "the right to enforce the . . . [m]ortgage" when it had "demonstrated possession of the [n]ote and accompanying [m]ortgage prior to the commencement of the instant action [and] ha[d] produced . . . all relevant assignment documents"), *report and recommendation adopted as modified*, 2022 WL 4235326 (E.D.N.Y. Sept. 14, 2022); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the Mortgage, Note, allonges, and chain of assignments" was "evidence

. . . that establishes a *prima facie* case of entitlement to judgment"). Plaintiff also has established that the borrower defaulted by alleging that defendant failed to make the required monthly payments beginning July 1, 2022. *See Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309, 2023 WL 8473948, at *3 (E.D.N.Y. Oct. 12, 2023), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023); *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3. Defendant's default triggered plaintiff's right to accelerate the loan and to require full payment of the principal amount outstanding.

Because defendant has not answered the Complaint or otherwise opposed the instant motion, it has failed to rebut plaintiff's *prima facie* showing that it is entitled to foreclosure. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-CV-3547, 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023).

Accordingly, this Court respectfully recommends granting plaintiff's motion for default judgment.

## VI.   Damages

While the allegations of a Complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, a court must ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing

11

or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2);

*Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July

12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was

a basis for the damages specified in the default judgment") (alterations in original, internal

quotations omitted); *see also Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed

affidavits and documentary evidence as the basis for determining damages to be awarded in a

default judgment).

For the reasons set forth below, this Court concludes that a hearing on the issue of

damages is unwarranted and respectfully recommends awarding plaintiff relief as discussed

below.

### A.    Outstanding Principal

Plaintiff seeks recovery of an outstanding principal balance in the amount of $800,000.

*See* Mecklai Aff. ¶ 5.  Pursuant to the terms of the Note, plaintiff agreed to pay $800,000 in

principal.  *See* Note, Dkt. 1-1 at ECF page 56.  The Note provides that in the event of the

borrower's default, plaintiff is entitled to the full amount of the outstanding principal of the loan.

*See* Mortgage § 2.01.  As set forth in the Mecklai Affirmation and plaintiff's records, at the time

of defendant's default on July 1, 2022, the unpaid principal balance was $800,000.  *See* Mecklai

Aff. ¶¶ 5, 8; Borrower Statement of Account, Dkt. 10-6 at ECF pages 5-6.  Therefore, the Court

recommends awarding plaintiff **$800,000** for the unpaid principal balance.  *See McLain*, 2023

WL 8473948, at *5.

### B.    Interest

Plaintiff requests interest on the unpaid principal balance from June 2, 2022 through June

23, 2025.  *See* Mecklai Aff. ¶ 6; Prop. J.  The terms of the Note provide that interest accrues on

the unpaid principal balance at a rate of 7.5 percent per year through the maturity date of August 1, 2022, and a default rate of 23.99 percent per year thereafter.  *See* Note, Dkt. 1-1 at ECF page 56; Mecklai Aff. ¶ 7.  "Interest is calculated on a 360-day year and paid in arrears."  *See* Mecklai Aff. ¶ 7.  Applying the 7.5 percent annual interest rate to the unpaid principal balance of $800,000, interest accrues at a rate of $166.67 per day (($800,000 x 7.5 percent) / 360 days), from June 2, 2022 through August 1, 2022 (61 days), for a total of **$10,166.87**.  *See* Mecklai Aff. ¶ 7.  Applying the 23.99 percent annual interest rate to the unpaid principal balance of $800,000, interest accrues at a rate of $533.11 per day (($800,000 x 23.99 percent) / 360 days), from August 2, 2022 through June 23, 2025 (1,057 days), for a total of **$563,497.27**.  *See id.* Accordingly, based on the Court's calculation, the Court recommends awarding plaintiff **$573,664.14** in interest from June 2, 2022 through June 23, 2025, plus additional interest at a rate of $533.11 per day from June 24, 2025 until the entry of judgment.  *See id.*

## VII.    Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff requests appointment of a referee to effectuate a sale of the mortgaged property and to disburse the funds from the sale.  *See* Prop. J.  Specifically, plaintiff requests the appointment of Mark L. McKew, Esq., as a referee to conduct the sale under the conditions outlined in the proposed Judgment of Foreclosure and Sale, including that the mortgaged premises be sold as one parcel.  *See id.*

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation."  *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17,

13

2015) (authorizing foreclosure and sale of property upon entry of default judgment).  Further, courts routinely appoint referees to effectuate the sale of foreclosed properties.  *See, e.g.*, *PHH Mortg. Corp. v. Khan*, No. 25-CV-2925, 2026 WL 41169, at *8 (E.D.N.Y. Jan. 6, 2026); *Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that plaintiff has established its presumptive right to foreclose upon the Subject Property due to defendant's default, this Court respectfully recommends the appointment of Mark L. McKew, Esq. as referee to conduct the sale of the Subject Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 18).  *See McLain*, 2023 WL 8473948, at *8 (recommending approval of referee); *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *5 (same).

## Conclusion

For the foregoing reasons, this Court respectfully recommends granting plaintiff's motion for default judgment against defendant Shepard Towers LLC and further recommends entry of a final judgment awarding damages as follows:

(1) **$800,000.00** in unpaid principal; and

(2) **$573,664.14** in interest from June 2, 2022 through June 23, 2025, plus additional interest at a rate of $533.11 per day from June 24, 2025 until the entry of judgment.

This Court further recommends the appointment of Mark L. McKew, Esq., as referee to conduct the foreclosure and sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 18).

Any objections to the recommendations made in this Report must be filed with the

14

Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 9, 2026**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

A copy of this Report and Recommendation is being electronically served on counsel. Further, by **February 25, 2026**, the Court directs plaintiff's counsel to serve on defendant a copy of this Report and Recommendation by overnight mail and first-class mail at the addresses below, and to file proof of service on ECF:

Shepard Towers LLC
341 Shepherd Avenue
Brooklyn, New York 11208

Shepard Towers LLC
775 Bloomfield Ave, #2A
Clifton, New Jersey 07012

**SO ORDERED**

Dated:  Brooklyn, New York
       February 23, 2026

                              s/ James R. Cho
                              James R. Cho
                              United States Magistrate Judge